## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| Jonathan Lee, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   4:18-cv-1355 |
| GC Services Limited Partnership, a Delaware limited partnership, and ORG GC GP Buyer, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | Jury Trial Demanded  Class Action |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Jonathan Lee, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3.      Plaintiff, Jonathan Lee ("Lee"), is a citizen of the State of Missouri, residing in the Eastern District of Missouri, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed for a Citibank credit card account.

4.      Defendant GC Services Limited Partnership ("GC Services"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant GC Services operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Missouri.  In fact, Defendant GC Services was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant ORG GC GP Buyer, LLC ("ORG"), is a Delaware corporation and the general partner of Defendant GC.  Defendant ORG directs and controls GC. Moreover, ORG acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, indirectly through GC.  In fact, Defendant ORG was acting as a debt collector as to the defaulted consumer debt Defendants attempted to collect from Plaintiff.

6.      Defendant GC Services is authorized to conduct business in the State of Missouri and maintains a registered agent within the State of Missouri, see, record from the Missouri Secretary of State, attached as Exhibit A.  In fact, both Defendants conduct business in Missouri.

## FACTUAL ALLEGATIONS

7.      Mr. Lee fell behind on paying his bills, including a debt he allegedly owed for a Citibank credit card account.  Sometime after that debt went into default, it was placed with Defendants for collection, who began trying to collect upon it by sending Mr.

Lee a form collection letter, dated August 29, 2017.  This letter stated:

\* \* \*

> As of the date of this letter, you owe $675.69.  Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.

\* \* \*

A copy of this collection letter is attached as Exhibit B.

8.      The above language is a variant of a "safe harbor" letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F.3d 872, 876 (7th Cir. 2000), for mortgage debts where interest, late charges and other charges are continuing to accrue on an account.  To include it in collection letters involving other debts, where such charges are not accruing, violates the FDCPA. Boucher v. Finance System of Green Bay, 880 F.3d 362, 367-368 (7th Cir. 2018).

9.      In fact, interest was not, and had not been, accruing on Mr. Lee's account. As a matter of policy, the creditor ceased charging interest and other charges after the account was charged off, and was not, in fact, charging any "interest, late charges and other charges" on this debt.

10.      Moreover, as shown by the collection letter dated September 28, 2017, that Defendants sent to Mr. Lee, the balance has remained the same and no interest, late charges or other charges have been accruing.  A copy of this letter is attached as Exhibit C.

11.      Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827

3

(7th Cir. 2012), and Boucher, 880 F.3d at 368.  Here, Defendants' actions would cause a consumer to be confused as to whether he was subject to additional interest/charges, when he was not, in fact, subject to them.  This would directly impact his decision on whether to pay off the debt, dispute the debt, or make some other arrangement regarding the debt, and would certainly be a factor in such a decision.

12.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Peters v. Gen. Serv. Bureau, 277 F.3d 1051, 1055 (8th Cir. 2002).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

16.     By sending a collection letter that threatened to impose additional interest, late charges and other charges, when none would, or could, be imposed, Defendants violated § 1692e of the FDCPA.

17.     Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

4

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

20.     Defendants, by threatening to impose additional "interest, late charges, and other charges", when none would, or could, be imposed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21.     Defendants' violation of § 1692f of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

22.     Plaintiff, Jonathan Lee, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Missouri from whom Defendants attempted to collect a defaulted consumer debt, allegedly owed for a Citibank account, via a form collection letter similar to the letters that Defendants sent to Plaintiff, which stated that "interest, late charges, and other charges" may be accruing (Exhibits B and C), from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

23.     Defendants regularly engage in debt collection, using the same form collection letters they sent Plaintiff Lee, in their attempts to collect defaulted consumer

debts from other consumers.

24.    The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Lee.

25.    Plaintiff Lee's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27.    Plaintiff Lee will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Lee has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Jonathan Lee, individually and on behalf of all others similarly situated,

prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff Lee as Class Representative of the Class, and his

attorneys as Class Counsel;

3.      Find that Defendants' form collection letter violates the FDCPA;

4.      Enter judgment in favor of Plaintiff Lee and the Class, and against

Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided

by § 1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jonathan Lee, individually and on behalf of all others similarly situated,

demands trial by jury.

Jonathan Lee, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 17, 2018

David J. Philipps, # 6196285IL
Mary E. Philipps,  # 6197113IL
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

8

Ryan M. Callahan, # 62666
James R. Crump, # 65514
Callahan Law Firm, LLC
221 East Gregory
Suite A
Kansas City, Missouri 64114
(816) 822-4041
(913) 273-1799
ryan@callahanlawkc.com
james@callahanlawkc.com

8